IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **KIM COGDILL, Plenary Guardian of the Estate and Person of JUNE DWITIS, a disabled person,** | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. ) |
| **CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C. AND JOSEPH TUTERA,** | ) ) ) ) **TRIAL BY JURY IS DEMANDED** |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, KIM COGDILL, Plenary Guardian of the Estate and Person of JUNE DWITIS, a disabled person, by and through her attorneys, THE ROOTH LAW FIRM, A Professional Corporation, and complaining against the Defendants, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C. and JOSEPH TUTERA, states the following:

### JURISDICTION

1. That Plaintiff, KIM COGDILL, is a citizen of the State of Illinois, domiciled in the City of McHenry, Illinois.

2. That Plaintiff's ward, JUNE DWITIS, is a citizen of the State of Illinois domiciled in the City of McHenry, Illinois.

3. That Defendant, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C. is a limited liability corporation incorporated under the laws of the State of Missouri with its principal place of business located in Kansas City, Missouri.

4. That Defendant, JOSEPH TUTERA, the sole manager of Defendant, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C., is a citizen of the State of Missouri domiciled in the city of Kansas City, Missouri.

5. That this cause involves an amount in controversy in excess of Seventy-Five thousand dollars ($75,000.00), exclusive of costs and interest.

6. That subject matter jurisdiction is proper pursuant to 28 U.S.C. Sec. 1332.

**VENUE**

1. That the occurrence giving rise to this litigation occurred within the Northern District of Illinois in the City of Crystal Lake, Illinois.

2. That venue is proper within the Northern District of Illinois pursuant to 28 U.S.C. Section 1391.

**COUNT I**

1. That on and before November 26, 2017, and at all times relevant herein Defendant, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C., was a corporation that operated, maintained, managed and was the licensee of a certain long-term skilled care facility commonly known as CRYSTAL PINES AND REHABILITATION CENTER, located at 335 North Illinois Street, Crystal Lake, Illinois.

2. That on or before November 26, 2017 and at all times relevant herein, Defendant, JOSEPH TUTERA was the owner of CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER within the meaning of the Illinois Nursing Home Care Act, 210 ILCS 45/1-101, *et. seq.*

3. That from August 9, 2017 through November 26, 2017, and at all times relevant herein, Plaintiff's ward, JUNE DWITIS, was a resident at CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER.

4. That at all times relevant herein, Defendant, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C., received payment from Medicaid and/or Medicare to provide nursing home care, treatment and related services, and was subject to the requirements of 42 U.S.C. §1396r (1990) et seq., as amended by the Omnibus Budget Reconciliation Act of 1987 and Volume 42, Code of Federal Regulations, Part 483 setting forth Medicare and Medicaid Requirements for long-term facilities (hereinafter "OBRA REGULATIONS"), as effective on October 1, 1990.

5. That at all times relevant herein, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER owned and operated by the Defendants, was a "nursing facility" as defined by 42 U.S.C.A. § 1396r.

6. That at the time and place referred to in Paragraph Three above, and at all times relevant herein, Defendants, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C. and JOSEPH TUTERA, each of them, by and through their employees and agents, owed Plaintiff's ward, JUNE DWITIS, a duty to exercise reasonable and ordinary care for her safety in providing custodial services pursuant to the Illinois Nursing Home Care Act, 210 ILCS 45/1-101, *et. seq.*

7. That notwithstanding the duty they owed to Plaintiff's ward, JUNE DWITIS, Defendants, CRYSTAL PINES REHABILITATION CENTER AND HEALTH CARE CENTER, L.L.C., and JOSEPH TUTERA, each of them, by and through their employees and agents, breached that duty by committing one or more of the following acts or omissions:

 a. Carelessly and negligently failing adequately assess the June Dwitis' risk for falls; or

 b. Carelessly and negligently failing to initiate adequate means of fall prevention; or

      c. Carelessly and negligently failing to develop, implement and alter, where necessary, adequate fall preventions to meet June Dwitis' needs; or

      d. Carelessly and negligently failing to monitor and supervise June Dwitis; or

      e. Carelessly and negligently failing to protect June Dwitis from accidents and injury; or

      f. Carelessly and negligently failing to provide adequate training and education to the nursing staff; or

      g. Carelessly and negligently failing to provide sufficient staffing so as to be able to provide adequate care to its residents.

8. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C., and JOSEPH TUTERA, each of them, by and through their employees and agents, referred to in Paragraph Seven above, Plaintiff's ward, JUNE DWITIS, suddenly and violently fell to the ground on August 10, 2017, September 3, 2017 and September 22, 2017.

9. That as a further direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C., and JOSEPH TUTERA, each of them, by and through their employees and agents, referred to in Paragraph Seven above, Plaintiff's ward, JUNE DWITIS sustained serious and permanent personal injuries thereby causing her to endure great physical and emotional pain and suffering, further causing her to incur large monetary expense in seeking the medical cure, care and treatment for said personal injuries, further causing her to become disabled and unable to attend to the ordinary affairs of her life.

WHEREFORE, Plaintiff, KIM COGDILL, Plenary Guardian of the Estate and Person of JUNE DWITIS, a disabled person, prays for judgment against Defendants, CRYSTAL PINES REHABILITATION AND HEALTH CARE CENTER, L.L.C. and JOSEPH TUTERA, jointly and

severally, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees and the costs of this litigation pursuant to 210 ILCS 45/3-602.

                                                                      s/Robert J. Rooth
                                                                        Robert J. Rooth

### JURY DEMAND

NOW COMES Plaintiff, KIM COGDILL, Plenary Guardian of the Estate and Person of JUNE DWITIS, a disabled person, by and through her attorneys, Robert J. Rooth of THE ROOTH LAW FIRM, A Professional Corporation, and hereby demands trial by jury on all matters alleged herein.

                                                                    s/ Robert J. Rooth
                                                                    Robert J. Rooth

Attorney for Plaintiff
THE ROOTH LAW FIRM, A Professional Corporation
1330 B Sherman Avenue
Evanston, Illinois 60201
847.869.9100
ARDC No.: 6188521